ELEANOR S. HAMLIN, Respondent, v. ALBERT S. CALLAN and ANNA B. CALLAN (Sometimes Known as ANN B. CALLAN), His Wife, and ALICE H. CHASE, as Administratrix, etc., of PETER J. CALLAN, Deceased, Defendants. ANN B. CALLAN, Appellant.— Appeal from an order of a Special Term of the Supreme Court, entered in Columbia county, denying the motion of the appellant Callan for an order opening and vacating the judgment of foreclosure and sale herein in so far as it determines that appellant is liable for any deficiency which may arise under the judgment and for permission to interpose her proposed answer to the complaint in this action so as to raise the question of her liability for such deficiency and to permit that the issue raised by such answer be tried. After the commencement of this action appellant appeared by her attorney, but asserts that through no fault on her part no answer was interposed. She alleges that she did not discover that plaintiff sought to make her liable for a deficiency until after such liability was decreed in the judgment of foreclosure and sale. She thereupon appeared in opposition to the motion for the appointment of a referee to determine the value of the property and the amount of the deficiency and there raised the issue as to her legal liability therefor. From the order there made appointing such referee she appealed and this court affirmed the order upon the ground that the rights of plaintiff to a deficiency judgment could not be determined upon the appointment of a referee to compute the amount of the deficiency. The affirmance was "without prejudice to appropriate proceedings to raise the issue of liability." (254 App. Div. 617.) Appellant then moved at Special Term to open and vacate the judgment in so far as it determines that appellant is liable for any deficiency and for permission to interpose her proposed answer raising the question of her liability. Her motion was denied " not in the exercise of discretion, but solely upon the ground that the proposed answer is insufficient as a matter of law." In brief the answer admits that appellant signed the bond and mortgage herein, and alleges that a subsequent mortgage on the same property for $15,000 was given by her husband to the City Savings Bank of Albany to secure a loan to him; that she did not sign the accompanying bond, but signed the mortgage in order to release her dower; that she received no part of the proceeds of the loan; that when the mortgage herein was given, the property was worth over $25,000; that subsequent to the giving of the mortgage herein the holder thereof agreed with the above-named bank in consideration of such loan by the bank to her husband of $15,000 to subordinate his mortgage to the $15,000 mortgage given to secure such loan; that such subordination was without her knowledge or consent; that she received no consideration therefor and that it resulted in detriment and prejudice to her rights. We think the facts alleged in her answer, if substantiated by proof, are sufficient to justify a court of equity in affording her appropriate relief. Order reversed, on the law and facts, without costs, and motion granted, without costs. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.